Estate of Vernon J. Reeve, Russell K. Reeve, Executor v. Commissioner.
Estate of Reeve v. Commissioner
Docket No. 92510.
United States Tax Court
T.C. Memo 1962-115; 1962 Tax Ct. Memo LEXIS 195; 21 T.C.M. (CCH) 611; T.C.M. (RIA) 62115; May 14, 1962
*195 Thomas J. Smail, Jr., Esq., for the petitioner. Robert N. Elliott, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $19,055.06 in estate tax. The issues for decision include: 1. Whether the decedent owned all or only one-half of real property in a farming partnership between him and his son, Robert. 2. The deductibility of certain debts. 3. The value of a one-third interest in an estate. 4. The value of improvements on the real estate, and the ownership of cattle and equipment used in the partnership. Findings of Fact The decedent, Vernon J. Reeves, died, unmarried, on October 22, 1956. He had been in poor health for several years. The estate tax return was filed with the district director of Internal Revenue at San Francisco. The decedent owned and operated a dairy farm in San Joaquin County, California, prior to 1946. He, his two sons and a daughter lived on the farm. The daughter and her husband moved off the farm after Robert was married. His son, Robert, born in 1922, did a great deal of the work on the farm without pay and, at his father's request, he continued *196 to do so instead of serving in the Armed Forces during World War II. The father realized the worth of Robert's efforts and agreed orally at the end of 1945 that they would henceforth be equal partners in the ownership and operation of the farm, the improvements, the stock and the equipment. Thereafter partnership returns were filed annually in accordance with this agreement. No written partnership agreement was ever executed. Title to the real property used in the partnership business remained in the father's name and title to some additional land purchased for the partnership was taken in the name of the father. Robert and his father each owned equal interests in all real and personal property used in the farm partnership business at all times while the partnership existed. The farm partnership entered into a contract to buy some hay from Pompo & Sons. The first delivery under the contract was made on the day the decedent died and deliveries of the remaining hay were made during the following three months. Robert paid $2,951.36, the amount due for the hay. No part of that amount represented a debt of the partnership or of the decedent at the time of his death. Robert consulted *197 a firm of lawyers shortly before his father's death in regard to his rights to property of the partnership or partnerships with his father. No part of the $294.86 paid by Robert for those legal services represented a debt of the decedent or of the partnership at the time of the death of the decedent. The decedent and his three children entered into a property settlement agreement on October 17, 1956, pursuant to which each was to have certain described properties (including some property claimed by petitioner to be partnership property), and Robert was to pay various expenses of the father and a $15,000 note given to his sister. The decedent executed a bill of sale dated October 17, 1956, transferring to Robert the undivided one-half interest in the farm machinery, equipment and livestock which Robert did not already own, thus giving "him the full and complete ownership of the same." The decedent and Robert entered into an agreement dated October 19, 1956, reciting, inter alia, as follows: 2. That all real and personal properties, including the buildings and land that Robert received from Vernon in the division of Vernon's property was in settlement for his share of our partnership *198 that existed since 1945, on all lands, buildings and real and personal property. 3. That in the acceptance of the division of the property from Vernon, Robert hereby waives and gives up any and all claims he would have had on properties given to Keith and Dorothea. 4. That it is hereby mutually agreed that the partnership existing between Vernon and Robert is hereby dissolved as of the 17th day of October, 1956. All stipulated facts not set forth above are incorporated herein by this reference. Opinion The Commissioner agrees that a valid partnership existed between the decedent and his son, Robert, during the period from the close of 1945 until it was dissolved on October 19, 1956. He determined and contends, however, that all of the real property used in the operation of that partnership belonged throughout and on October 22, 1956, to the decedent. Values of items involved have been stipulated. The petitioner contends that only a one-half undivided interest in the farm property belonged to the decedent because the other undivided one-half belonged to Robert. [1] The decision of this issue turns upon the factual question of whether the decedent and Robert intended that they *199 should have equal ownership of all properties used during the ten years in the business and operations of their partnership. The Commissioner relies heavily upon the record title to the real estate to show full ownership in the decedent and upon the absence of book records to show capital accounts. There is considerable evidence to show that the decedent and Robert intended, when they entered into their oral agreement late in 1945, that the farm land then owned and the improvements thereon, all essential to the farm operation, should henceforth belong equally to both as partnership property. There is even less doubt that subsequent improvements and land acquisitions thereafter used in the partnership business were to be partnership assets, the rights in which belonged equally to the partners. They were farmers, father and son, and the fact that title to the land was always in the name of the father is not determinative. En Taik Ha v. Kang, 187 Calif. Ap. Rep. 2d 84; 9 Cal. Reptr. 425. All of the evidence bearing upon this question has been carefully considered and *200 it fairly preponderates in favor of the petitioner, which is entitled to a favorable decision on this issue. The petitioner claims no more than one-half of the farm partnership debts in computing a deduction under such circumstances. Two items are not deductible as debts of the decedent. One is one-half of the amount paid by Robert for some hay, all of which was delivered to Robert and used by him after the partnership had been dissolved. There is no reason to conclude that this hay ever was an asset of the partnership or that the partnership ever owed a debt for such hay. The one would wash out the other for estate tax purposes if those conclusions were wrong. The other item is a legal fee. The evidence not only fails to show that it was an expense or a debt of the partnership but shows, on the contrary, that it was not and was incurred solely for the personal benefit of Robert. The petitioner's briefs contain no argument with respect to the treatment of assets or debts of a milking machine partnership, mentioned in the stipulation and testimony, and the Court has no occasion to discuss how any such items should be treated. The Commissioner, quite belatedly, filed an amended *201 answer claiming an increase in the deficiency on the grounds, (1) that the value of farm land improvements to be included in the gross estate should be $75,000 instead of $30,000, as determined and also conclusively stipulated by him, and (2) that all, instead of one-half of the value of partnership cattle and farm equipment should be included in the gross estate. There is no merit to either contention, assuming that they were timely made. It would not be proper to consider evidence contrary to the express stipulation, introduced jointly by the parties, that the value of the farm improvements at the valuation date was $30,000 and furthermore, there is no such contrary evidence. It is quite clear that livestock and farming equipment of the partnership belonged equally to the partners. The petitioner challenges the Commissioner's valuation of the decedent's one-third interest in the estate of Cora E. Mitchell but offers no proof of what a correct value might be. The evidence does not show any error in the value of this item used by the Commissioner in determining the deficiency. Decision will be entered under Rule 50. Footnotes
1. Petitioner concedes that items 7, 8, and 9 in Schedule G of the return belonged to the decedent.↩